UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ANTYWANE WILLIAMS** | **DOCKET NO. 16-CV-0605; SEC. "P"** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **WARDEN GOODWIN** | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Pro se petitioner Antywane Williams (DOC #463325) filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. He seeks an immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Procedural History**

According to his petition, exhibits and the presumptively reliable published jurisprudence of the State of Louisiana , Petitioner was found guilty, by jury, of Attempted Aggravated Rape and Home Invasion in the 26th Judicial District Court, Bossier Parish, Louisiana on August 28, 2012. [Rec. Doc. 1-2, p. 3]   He filed two *pro se* motions for appeal on September 4, 2012.  *See State v. Williams*, 49,249 (La. App. 2 Cir. 10/1/14), 149 So.3d 462 (outlining procedural history).   On October 17, 2012, he filed a *pro se* motion for new trial.  *Id.*  On October 25, 2012, the trial court granted one of the motions for appeal, without ruling on the motion for new trial.  On November 9, 2012, he was sentenced to serve thirty-five (35) years at hard labor without benefit of probation, parole or suspension of sentence as to Count 1, ten (10) years with the first five (5) years without benefit of probation, parole or suspension of sentence, as to Count 2, with the sentences to run

concurrent. *Id.* On November 20, 2012, he filed a motion to reconsider sentence. *Id.*

On August 7, 2013, the Second Circuit Court of Appeal issued a *per curiam* order noting that the trial court sentenced the defendant before disposing of his motion for new trial. In addition, there was no disposition on the motion for reconsideration of sentence. The Court vacated the sentences, remanding for rulings on those two matters. *See State v. Williams*, 48,416 (La. App. 2 Cir. 8/7/13), 123 So.3d 235, *rehearing denied* (9/19/13), *writ granted, vacated in part*, 2013-2346 (La. 3/21/14), 135 So.3d 625. On October 4, 2013, the trial court denied the motion for new trial and re-sentenced to the exact same sentence as before.

On March 21, 2014, the Louisiana Supreme Court granted the petitioner's writ application and vacated the Second Circuit's August 7, 20013 ruling "to the extent it purports to affirm defendant's convictions while setting aside his sentences and remanding the case for a ruling on the pending motion for a new trial and for resentencing." *State v. Williams*, 2013-2346 (La. 3/21/14), 135 So.3d 625.

On October 1, 2014, the Second Circuit affirmed the petitioner's convictions and sentences, remanding the matter to the trial court for the sole purpose of compliance with sex offender notification and registration requirements. *State v. Williams*, 49,249 (La. App. 2 Cir. 10/1/14), 149 So.3d 462. On May 22, 2015, the Louisiana Supreme Court denied writs. *State of Louisiana v. Williams*, 2014-2130 (La. 5/22/15), 173 So.3d 1167.

On an unknown date in August 2015, Petitioner filed a *pro se* Application for Post-Conviction Relief raising several claims for relief. [*See* Rec. Doc. 1-2, p. 3] Numerous filings were subsequently made in the trial court, including a Supplemental *Pro Se* Post Conviction Relief, filed on December 28, 2015. *Id.* at p. 4. The disposition of these matters is unknown.

**Law and Analysis**

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A state prisoner may seek habeas relief under § 2241 for pre-trial issues, such as violations of the state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). On the other hand, § 2254 applies to post-trial situations in which a judgment has already been entered against the petitioner. *See id.* Section 2254 specifically governs challenges to state court convictions.

In this case, Petitioner is not a pre-trial detainee, and he is not challenging the execution of his sentence. Petitioner challenges his conviction on the grounds that it was obtained in violation of the Constitution and laws of the United States. Therefore, Petitioner's claim is governed by § 2254, not § 2241.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (*citing Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (*citing* 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id.*

Petitioner filed an application for post-conviction relief in the state court. However, it is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Thus, to have properly exhausted his claim in state court, Petitioner must have fairly presented the same

claim and legal theories that he urges in this Court to the state courts, up through the Louisiana Supreme Court, in a procedurally proper manner.

Petitioner should be provided the opportunity to amend his petition using the proper § 2254 form, if he wishes to proceed with the challenge to his conviction. Petitioner must also provide proof of exhaustion of his constitutional claim through the Louisiana Supreme Court. Petitioner should provide a copy of the trial court's ruling on his post-conviction application, dated copies of his writ applications to the appellate court and Louisiana Supreme Court, and copies of the writ denials from those courts.

## Conclusion

**IT IS ORDERED** that Plaintiff amend his complaint using the § 2254 form within thirty (30) days of the filing of this Order and provide the information and documents outlined above if he wishes to proceed with the challenge to his state court conviction. Alternatively, Plaintiff should dismiss his pending petition.

**THE CLERK IS DIRECTED** to send Petitioner a § 2254 form along with the copy of this Order.

**Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.**

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, on this 15th day of July, 2016.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**