# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **ANTYWANE WILLIAMS** | **DOCKET NO. 16-CV-0605; SEC. "P"** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **WARDEN GOODWIN** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Pro se petitioner Antywane Williams (DOC #463325) filed a petition for writ of habeas corpus on May 2, 2016. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. He seeks an immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### *Procedural History*

#### *A. Federal Petition for Writ of Habeas Corpus*

Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on May 2, 2016. [Rec. Doc. 1] On July 15, 2016, this Court ordered petitioner to amend his complaint using the §2254 form, as he is seeking to challenge his state court conviction. [Rec. Doc. 7] He filed an Amended Petition for Habeas Corpus pursuant to 28 U.S.C. §2254 on October 21, 2016. [Rec. Doc. 13] On January 23, 2017, this Court directed petitioner to again amend his petition, this time to prove exhaustion [Rec. Doc. 14]; he filed an Amended Petition, with exhibits, on February 22, 2017. [Rec. Docs. 15 & 16]

#### *2. State Court Proceedings*

Antywane Eric Williams was convicted on August 28, 2012, by the 26th Judicial District Court, Parish of Bossier, State of Louisiana, of one count of attempted aggravated rape in violation of La. R.S. 14:27 and La. R.S. 14:42 and one count of home invasion in violation of La. R.S. 14:62.8. [Rec. Doc. 13, p.1] On September 4, 2012, he filed two pro se motions for appeal, and on October 17, 2012, he filed a pro se motion for new trial. *See State v. Williams*, 48,416 (La. App. 2 Cir. 8/7/13); 123 So.3d 235. The trial court granted one of the defendant's motions for appeal on October 25, 2012, without having ruled on the motion for new trial and prior to sentencing Williams on November 9, 2012. *Id.* Williams was sentenced on the attempted aggravated rape charge to 35 years' imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. *Id.; see also State v. Williams*, 123 So.2d at 235. On the home invasion charge, he was sentenced to 10 years' imprisonment at hard labor, with the first five years to be served without benefits, and the sentence was imposed to run concurrently with the first sentence. *Id.*

The trial court failed to rule on Williams' motion for new trial before sentencing him, as required by La. C. Cr. P. art. 853. *State v. Williams*, 123 So.2d at 235. Failure to rule on a motion for new trial prior to sentencing constitutes an error patent and necessitates that the sentence be vacated. *Id. (citing State v. Roberson*, 44,116 (La.App.2d Cir.01/08/09), 6 So.3d 190, 191; *State v. Jackson*, 614 So.2d 783 (La.App. 2d Cir.1993)). Accordingly, on August 7, 2013, the Second Circuit vacated Williams' sentences and remand the matter for a ruling on the motion for new trial and re-sentencing. *Id.* The Court held that once he was re-sentenced, he could file a new motion for appeal of those sentences. *Id.* at 235-36.

The Second Circuit vacated the sentences, remanding for rulings. *State v. Williams*, 48,416 (La.App.2d Cir.8/7/13), 123 So.3d 235, *rehearing denied (*9/19/13), *writ granted, vacated in part*, 2013–2346 (La.3/21/14), 135 So.3d 625.

In early fall of 2013, the trial court denied the motion for new trial and resentenced the defendant to the exact same sentence as before. *See State v. Williams*, 49, 249 (La. App. 2 Cir. 10//14); 149 So.3d 462. On March 21, 2014, the Louisiana Supreme Court granted the defendant's writ application, and vacated the Second Circuit's August 7, 2013, ruling "to the extent that it purports to affirm defendant's convictions while setting aside his sentences and remanding the case for a ruling on the pending motion for a new trial and for resentencing." *State v. Williams*, 2013–2346 (La.3/21/14), 135 So.3d 625.

On October 1, 2014, the Second Circuit affirmed the petitioner's convictions and sentences, remanding the matter to the trial court for the sole purpose of compliance with sex offender notification and registration requirements. *State v. Williams*, 49,249 (La. App. 2 Cir. 10/1/14), 149 So.3d 462. On May 22, 2015, the Louisiana Supreme Court denied writs. *State of Louisiana v. Williams*, 2014-2130 (La. 5/22/15), 173 So.3d 1167.

On August 26, 2015, petitioner filed a *pro se* Application for Post-Conviction Relief in the 26th Judicial District Court, raising the following claims for relief: (1) ineffective assistance of counsel; (2) insufficient evidence; (3) improper bill of information ; (4) inconsistent statements and perjury; (5) violation of rights of accused; (6) denial of access to the courts; (7) extortion; (8) arraignment limitation time elapsed; and (9) excessive sentence. [*See* Rec. Doc. 16, p. 196] On August 27, 2015, he filed a supplement alleging complaints about his trial counsel and denial of a speedy trial. *Id.* On December 28, 2015, he filed another supplement, alleging the following sixteen claims for relief: (1) ineffective assistance of counsel (counsel withholding discovery); (2) ineffective assistance of counsel (waived preliminary examination); (3) insufficiency of the evidence; (4) invalid bill; (5) inconsistent statements and perjury of witnesses; (6) violation of right to speedy trial; (7) arresting officer failed to inform him of the reason for his arrest; (8) denial of

3

access to the courts; (9) State failed to prosecute him within 60 days; (10) threats and extortion by the district attorney for not entering a guilty plea; (11) prosecution under unconstitutional statute; (12) intoxication defense; (13) weight of evidence; and (14) additional claims added to previous claims; (15) failure of the State to produce certain evidence to the jury; and (16) the trial court tampered with the trial transcript evidence. [Rec. Doc. 16, pp. 109-153]   On January 8, 2016, he filed a Motion to Supplement Application for Post-Conviction Relief, alleging that the trial court lacked jurisdiction to prosecute him and that his judgment of conviction was invalid. [Rec. Doc. 16, pp. 154-155]

On February 16, 2016, the trial court ordered the State to file procedural objections or answer the merits to petitioner's applications within thirty days of that order. [Rec. Doc. 1-2, pp. 3-6]

On or about March 11, 2016, petitioner filed a Writ of Mandamus in the Louisiana Second Circuit Court of Appeal, asking that court to order the trial court to issue a dispositive ruling on his original and supplemental applications for post-conviction relief. [Rec. Doc. 1-2, p. 2]  On April 21, 2016, bearing Docket Number 50,917-KH, the Second Circuit granted petitioner's writ of mandamus and remanded the matter to the trial court with instructions to consider it as a motion to enforce the trial court's February 16, 2016 order.    [Rec. Doc. 1-2, p. 2]   The State filed an Answer to petitioner's applications for post-conviction relief on April 25, 2016. [Rec. Doc. 16, pp. 196-205]  Petitioner filed a "Judicial Notice, Reply" brief on May 26, 2016. [Rec. Doc. 16, pp. 206-225]

An evidentiary hearing was held before the trial court, pursuant to which petitioner's application was denied, on July 5, 2016. [Rec. Doc. 13, p. 3, ¶ ¶ 7 & 8]

On or about August , 2016, petitioner filed a "Petition for, Writ of Habeas Corpus: The 26th Judicial District Court, Parish of Bossier, from the denial of Post-Conviction Relief" in the Louisiana Supreme Court. [Rec. Doc. 16, pp. 11-39] Petitioner referenced Case No. 50,917-KH on

the cover page. The filing was received by the Supreme Court and filed into the record on August 23, 2016, bearing Docket Number 2016-KH-1609. [Rec. Doc. 16, p. 10]

While his application was pending in the Louisiana Supreme Court, the instant petition for writ of habeas corpus was filed on May 2, 2016, raising the following arguments: (1) trial court lacked subject matter jurisdiction to render judgment; (2) insufficient evidence; (3) invalid bill of information made by district attorney, in violation of petitioner's 5th and 14th amendment rights; and (4) ineffective assistance of counsel.

On June 16, 2017, the Louisiana Supreme Court ruled on petitioner's writ, stating:

> WRIT NOT CONSIDERED. Petitioner has not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the "extraordinary circumstances" that would justify bypassing that level of review. La.S.Ct. R. X § 5(b)."

*See* http://www.lasc.org/opinions/2017/16-1609.KH.PC.pdf.

***Law and Analysis***

Petitioner is in custody pursuant to the judgment of a Louisiana court. Accordingly, the provisions of 28 U.S.C. §2254 apply. That statute provides, as relevant to this proceeding:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State;

28 U.S.C. § 2254.

The exhaustion doctrine set forth in § 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent

disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner asserts that following the trial court's July 5, 2016, denial of his application for post-conviction relief, he sought relief in the Second Circuit Court of Appeals, Docket Number 50,917-KH. [See Rec. Doc. 13] and that court *granted* his application. [Rec. Doc. 13, pp. 4-6, ¶¶ 11(b)(7) & 12(d)] However, as noted above, review of all of petitioner's filings[1], as well as the

---

[1] Petitioner made numerous filings in the state courts over the course of this matter that did not address the merits of his claims.

recent ruling from the Louisiana Supreme Court, establish that on or about March 11, 2016, petitioner filed a Writ of Mandamus in the Louisiana Second Circuit Court of Appeal, asking the appellate court to order the trial court to issue a dispositive ruling on his original and supplemental applications for post-conviction relief. [Rec. Doc. 1-2, p. 2] On April 21, 2016, bearing Docket Number 50,917-KH, the Second Circuit granted petitioner's writ of mandamus and remanded the matter to the trial court with instructions to consider it as a motion to enforce the trial court's February 16, 2016 order. The Court did NOT rule on the merits of petitioner's application for post-conviction relief at that time. Accordingly, while petitioner filed his Application for Supervisory Writs in the Louisiana Supreme Court in August 2015, he never sought review of the merits in the lower court. In other words, petitioner did not properly exhaust his *habeas corpus* claims by presenting them in a proper manner to the Louisiana Supreme Court and, as such, his state court remedies remain unexhausted.

Absent a showing that state remedies are either unavailable or inadequate (such showing not having been demonstrated by plaintiff), he cannot now proceed in this court in *habeas corpus. See* 28 U.S.C. § 2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones,* 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted.

Petitioner is hereby advised that the federal *habeas corpus* statutes impose a one-year statute of limitations for filing *habeas corpus* petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to any subsequent petition that petitioner files in this court. Petitioner is further advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. *Duncan v. Walker,* 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

*Stay and Abeyance*

*Habeas* petitions presenting unexhausted claims must ordinarily be dismissed, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); however, under certain limited circumstances, petitions raising unexhausted claims may be stayed so that the petitioner can return to state court to exhaust state remedies. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Stays are designed to ensure that state *habeas* petitioners do not run afoul of the limitations period and the prohibition against successive petitions codified by the AEDPA.[2] As stated in *Rhines*, however:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ('An application for a writ of *habeas corpus* may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State').

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

Based on the record currently before the Court, it appears that a stay is not appropriate because the instant petition, unlike the petition in *Rhines*, is not a "mixed petition" containing some exhausted claims and some claims that were not exhausted. State Court remedies remain unexhausted as to **ALL** of petitioner's claims. Further, petitioner has not shown good cause for failing to exhaust state court remedies prior to filing this suit.

*Recommendation*

---

[2] See 28 U.S.C. §2244(b)(3) which outlines the procedures for filing second and successive *habeas* petitions; see Section 2244(d) which imposes a 1-year period of limitations for filing *habeas corpus* petitions in the Federal courts.

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DISMISSED WITHOUT PREJUDICE** because petitioner's habeas corpus claims remain unexhausted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, July 7, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**